## City of Philadelphia, to use, v. Selby

*John W. Lord, Jr.*, for petitioner.
*Milton E. Selig*, contra.

KUN, J., September 29, 1937.—This is a rule to strike off a municipal claim filed on June 17, 1937, for some curbing completed nearly 12 years before: June 20, 1925. A municipal claim for the same labor and materials had been filed within the required six months' statutory period, or on December 17, 1925, in Common Pleas Court No. 3, as of December term, 1925, no. 483, M. L. D. That claim was stricken off because it was defective. No appeal was taken from the action of that court.

The use-plaintiff bases his right to file the present claim in this court, as stated, 12 years after the work was completed, on the Act of May 18, 1937, P. L. 721, as follows:

"Section 1. Be it enacted, &c., That whenever any city or borough has heretofore failed to file in the office of the prothonotary of the county any municipal claims assessed on any property within six months after the completion of the improvement, as required by law, whereby the lien of such claims was wholly lost, such claims shall be, and the same are hereby, ratified, confirmed, declared valid, and to be a lien on such property, together with all charges, expenses and fees added thereto for failure to pay

promptly, if such claims shall be duly entered and filed in the office of the prothonotary in the manner provided by law for the filing of municipal claims, at any time within six months after the effective date of this act".

It is a serious question whether this validating act, passed for the benefit of "any city or borough", can be properly construed to inure to the benefit of assignees or use-plaintiffs. Acts passed to revive claims long since barred must be construed strictly, and we doubt the availability of this act to use-plaintiffs, notwithstanding section 33 of the Municipal Lien Act of May 16, 1923, P. L. 207, giving, in general terms, the assignees of municipal claims all the rights of the original holders thereof. That act itself provides for certain additional duties on the part of use-plaintiffs in respect to prosecuting their claims.

However that may be, the lien filed in this case must be stricken off. As noted, the validating act applies where any city or borough has heretofore "failed to file" its claim within six months after the completion of the improvement. In such cases, under the validating act, the city or borough is given the opportunity to file its claim within six months after the passing of the validating act. However, the instant case is not one in which the city or borough or the use-plaintiff, if he is to have the benefits of the act, "failed to file" the claim within six months after the completion of the work.

A municipal lien, or what was purported to be a municipal lien, was filed in the Court of Common Pleas No. 3, as above stated, for the same work, within six months of its completion. However, the court struck off the lien, because it was defective, and, because the six months' period had then elapsed, the court refused to allow proposed amendments. No appeal was taken from this action of the Court of Common Pleas No. 3, so that the ruling there became res judicata between the parties. The legislature could not, in any event, nullify the effect of that decision as between the parties.

However, it is clear to us that the validating act upon

which the use-plaintiff bases his right herein is not at all applicable to his case, for the reason that we do not have here a case in which a city or borough or use-plaintiff "failed to file" a municipal lien within the six months' period after completion of the work. It is only that kind of a case to which the validating act, by its own terms, applies.

It was argued to us that because the municipal lien filed in Court of Common Pleas No. 3 was so defective that the court referred to it as a nullity, no municipal lien was filed. This is a non sequitur. One might just as well argue that where a statement of claim, an affidavit of defense, or other pleading is stricken off the record, because of defects therein requiring such action by the court, the paper was not filed. In all those cases, as in the case before us, the papers were filed purporting to be what it was stated they were, but, for adequate legal reasons, they had to be stricken from the record. In such cases it cannot be properly held that the papers, as designated, were never filed or that there had been a failure to file them.

The rule to strike off the municipal claim filed in this case is made absolute.